[Civ. No. 52687. Second Dist., Div. Four. Sept. 29, 1978.]

RESERVE INSURANCE COMPANY, Plaintiff and Appellant, v. FRANK A. APPS, Defendant and Respondent.

**COUNSEL**

Bonelli, Malone, Wood & Lyden and John D. Fuchs for Plaintiff and Appellant.

Veatch, Snow, Carlson, Quimby & Nelson, Robert C. Carlson and Herbert F. Blanck for Defendant and Respondent.

## Opinion

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an adverse judgment in an action for declaratory relief.[1] We affirm the judgment.

Charter Insurance Agency was an agent of plaintiff Reserve Insurance Company. Defendant Frank Apps (Frank), through Charter, submitted an application for automobile liability insurance to Reserve. While that application was pending, and on April 19, 1972, Mrs. Apps (Lillian) was involved in an accident with a man named Hubbard, resulting in injuries to Hubbard. At that time, she was driving an automobile rented from Budget Rent-A-Car Company, who had a policy of insurance with Carrier Insurance Company that provided $15,000 coverage to its customers. On April 20, 1972, Charter issued a "binder" purporting to afford to Frank coverage with Reserve in excess of any other policy. On April 28, 1972, Reserve issued the policy applied for, which stated the policy period as beginning on April 19th.

On this appeal, Reserve contends that its policy did not provide coverage for the accident involving Lillian as driver because she was not, on April 19th, a member of the household of Frank, and it did not intend to provide coverage to her. The trial court found that Lillian was, in law, a member of Frank's household and declared Reserve liable under its excess insurance policy. We affirm.

### I

We regard it as immaterial whether, as Reserve contends, Charter's agency for Reserve did not extend to the insurance of the binder of April 20th. The present proceeding does not involve liability under that binder, but under the policy issued by Reserve on April 28th.

### II

Likewise, we regard it as immaterial that when Reserve, on April 28th, issued a policy purporting to provide retroactive coverage back to April 19, 1972, it was unaware of Lillian's accident on that date. It is always possible that an applicant for insurance may have been involved in an accident during the period between the date of an application and the

---

[1] Originally, the action involved the Apps, Hubbard, Carrier, Budget Rent-A-Car and another insurance company. On motion of appellant, the appeal was (on Apr. 24, 1978) dismissed as to all parties except the Apps.

formal issuance of a policy. When an insurer consciously predates its coverage it runs the risk of liability for matters occurring during that interval.

## III

It is also immaterial that Reserve was not fully informed as to Frank's marital status. Its policy covered a "spouse"—then existing or thereafter acquired. If an insured should marry during the period a policy is in force, the insurer could hardly deny coverage. Reserve makes much of the fact that the application did not show Lillian's prior driving experience; no more did it show the prior driving experience of the many possible permissive users whom it covered. An insurer may, of course, require an application to disclose spouses and potential permissive users and their past records; if it does not it, again, assumes whatever risks that may be involved.

## IV

We are left with the sole legitimate issue in the case at bench. The policy purports to provide coverage to "any individual named in Item 1 of the declarations [here Frank] and also includes his spouse, if a resident of the same household." The record shows that the Apps had been married for many years. In February of 1972, they entered into a trial separation,[2] with Frank living at an apartment while Lillian remained in the family home. Frank continued to pay the community debts, including the living costs of Lillian; on April 19th most of his clothing was at the family home and he received mail at that address. We conclude that the trial court was correct in finding that the family home was still a "residence" of Frank on April 19th, with Lillian a resident of that home. In *Hurst* v. *Hurst* (1964) 227 Cal.App.2d 859 [39 Cal.Rptr. 162, 19 A.L.R.3d 635], we held that an apartment into which a father had moved his child and its mother and on which he had paid the rent, was the father's "home" for the purpose of former section 230 of the Civil Code. In *Cal-Farm Ins. Co.* v. *Boisseranc* (1957) 151 Cal.App.2d 775 [312 P.2d 401], a child was held to be a resident of its father's home although it was then living with its mother. In *State Farm Mut. Auto. Ins. Co.* v. *Elkins* (1975) 52 Cal.App.3d 534 [125 Cal.Rptr. 139], a daughter was held to be a

---

[2]There is nothing in the record to show that, at the times herein involved, the separation was other than a trial separation to enable the parties to resolve their marital differences. Thus we do not deal with a case in which a husband and wife have separated without intention or hope of resuming a normal married life.

resident of her parents' home although she was living temporarily in an apartment away from that residence, but with her belongings at the family home and with her expenses paid by her parents. The same principles apply here. If an insurer desires not to cover spouses separated under the conditions here shown to exist, it should make that purpose clear in its policy; lacking any such more explicit definition of "resident," an insurer must, under well settled doctrines of interpretation of insurance policies, accept liability under any reasonable interpretation of the words it uses.

The judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

A petition for a rehearing was denied on October 17, 1978, and the following opinion was then rendered:

**THE COURT.\***—(1) The petition for rehearing takes exception to the language in our opinion in which we stated that an insurer takes the risks involved if it does not seek information about potential permissive users, contending that appellant had, in fact, made such an inquiry in its form of application. We decide cases on the record that the parties bring before us. The application on which appellant now relies was not in that record. It was not incorporated in any pleading; while it was an exhibit in the trial court, appellant, neither in its request for appellate record nor later, ever requested that it be transmitted to this court. Under California Rules of Court, rule 10(d), it is the obligation of appellant, if it desires us to examine an exhibit, to make request for its transmission. It follows that the contention now made relates to a matter outside any record on which we could act.

(2) The other grounds now urged on us relate to matters which were considered and rejected by us in our opinion.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1978.

---

\*Before Kingsley, Acting P. J., Jefferson (Bernard), J., and Alarcon, J.