[No. B006023. Second Dist., Div. Two. Nov. 13, 1984.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Respondent, v.
KEITH VAUGHN, Defendant and Appellant.

## COUNSEL

Hall, Small, Burns & Palumbo, Michael A. Burns and Vernon C. Bogy for Defendant and Appellant.

Portigal, Hammerton & Allen and Michael Portigal for Plaintiff and Respondent.

## OPINION

GATES, J.—Defendant Keith Vaughn appeals from the judgment entered in this declaratory relief action in favor of plaintiff State Farm Mutual Automobile Insurance Company. He challenges the trial court's determination "[t]hat the 1982 Legislative Amendment to California Insurance Code Section 11580.1 (c)(5) merely clarified existing law permitting indirect inter family indemnity exclusions from policies of automobile liability insurance coverage rather than changed the pre-1982 law on this subject; [and] [t]hat, accordingly, no retroacti[ve] effect is being given to the 1982 amendment . . . ."

On May 6, 1978, defendant Raymond Schnitger and appellant Vaughn were involved in a traffic accident. Thereafter, Schnitger's wife, who had been a passenger in the insured vehicle at the time of the accident, filed a complaint for personal injuries against appellant. Appellant, in turn, filed a cross-complaint against Schnitger seeking equitable indemnification and/or contribution. Respondent State Farm thereupon instituted the instant action for declaratory relief to determine its duties and obligations under the automobile liability policy it had issued to Schnitger, which excluded coverage for "bodily injury to: (1) any named insured, (2) any other insured under the policy, or (3) any member of the family of any named insured or other insured residing in the same household with such named insured or other insured; . . ." (Exclusions, § I, par. (h); italics omitted.)

 Appellant contends the intrafamily exclusion contained in Schnitger's policy "is valid to exclude coverage only where one insured under the policy attempts to recover directly from another insured under the policy. It does not extend to preclude coverage of a claim arising out of a third party indemnity cross-complaint, notwithstanding that the benefits in such case might flow indirectly and circuitously to an insured under the policy." In support of this position, appellant argues that the 1982 amendment to paragraph (5) of subdivision (c) of section 11580.1 of the Insurance Code may not properly be applied in the instant case, since it "does not act merely

to clarify the existing law, but rather acts to provide an insurer with the statutory authority to extend the scope and effect of intra-family exclusions, so as to further narrow its obligation . . . ." We disagree.

When the accident giving rise to the present litigation occurred in 1978, the subject paragraph (5) authorized automobile liability insurers to exclude from coverage "Liability for bodily injury to an insured." On January 1, 1983, it was amended to read: "Liability for bodily injury to an insured or liability for bodily injury to an insured whenever the ultimate benefits of that indemnification accrue directly or indirectly to an insured."

■ The well-settled principle that "a statute will not be retroactively applied unless the Legislature clearly intended the law to be retroactive . . . does not apply to an amendment which merely clarifies rather than changes the meaning of a law. [Citation.] The reason for this exception is that no retroactive effect is given because the true meaning of the statute has always been the same. [Citation.] Similarly, although a substantial change in language generally indicates intent to change a law, surrounding circumstances may show that the amendment was merely a clarification of existing law. [Citation.]" (*Pacific Intermountain Express* v. *National Union Fire Ins. Co.* (1984) 151 Cal.App.3d 777, 781 [198 Cal.Rptr. 897]; *Travelers Insurance Co.* v. *Sierra Pacific Airlines* (1983) 149 Cal.App.3d 1144, 1150 [197 Cal.Rptr. 416]; *Associated Indem. Corp.* v. *King* (1973) 33 Cal.App.3d 470 [109 Cal.Rptr. 190].)

■ We have concluded the amendatory language here under review was, in fact, merely declaratory of existing law. Under the section as previously written the Legislature provided *without qualification* that the insuring party was not obligated to provide coverage in the form of a defense or indemnification of any insured against the personal injury claim of any other insured. (See *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383 [173 Cal.Rptr. 846, 628 P.2d 1].) If such an exclusion was to be meaningful, it must necessarily have been applicable not only to direct claims brought by one insured against another insured under the same policy, but also to indirect claims created when a noninsured third party sought indemnification or contribution from one insured for the personal injuries suffered by another insured. (See *State Farm Mut. Auto. Ins. Co.* v. *Suarez* (1982) 104 Ill.App.3d 556 [60 Ill. Dec. 305, 432 N.E.2d 1204, 1208-1209]; *Fla. Farm Bureau Ins.* v. *Government Emp. Ins.* (Fla. 1980) 387 So.2d 932, 934; *Parker* v. *State Farm Mutual Automobile Ins. Co.* (1971) 263 Md. 206 [282 A.2d 503, 508-509]; *Minners* v. *State Farm Mutual Automobile Ins. Co.* (1969) 284 Minn. 343 [170 N.W.2d 223, 227].)

Further proof that the "additional" language added in 1982 was simply intended to clarify the types of claims which are subject to the intrafamily

exclusion authorized by section 11580.1 is demonstrated by the following uncodified legislative expression appended to the enactment: "It is the intent of the amendments made by this act which are contained in the first paragraph of subdivision (c) of Section 11580.1 of the Insurance Code to ensure that there is no duty to provide a defense where there is no reasonable possibility of an obligation to provide insurance coverage under subdivision (c). Further, it is the intent of the amendments made by this act which are contained in paragraph (5) of subdivision (c) of Section 11580.1 of the Insurance Code *to ensure that there is no duty to indemnify an insured named in a cross-complaint where there would be no duty to indemnify if the insured were sued directly.*" (Italics added.)

The judgment is affirmed.

Compton, Acting P. J., and Beach, J., concurred.