[No. B026707. Second Dist., Div. Two. Sept. 13, 1988.]

OHRBACH'S, INC., Plaintiff and Appellant, v.
CALIFORNIA INSURANCE GUARANTEE ASSOCIATION,
Defendant and Respondent.

COUNSEL

Sheppard, Mullin, Richter & Hampton, Linda Van Winkle Deacon and Anthony J. Oncidi for Plaintiff and Appellant.

Clausen, Harris & Campbell, Marie D. Clause, Stanley T. Gilliam and Frederick G. Hall for Defendant and Respondent.

OPINION

**ROTH, P. J.**—Ohrbach's, Inc. appeals from a summary judgment in favor of California Insurance Guarantee Association (CIGA). The question is

whether claims by California residents against Ohrbach's, a nonresident insured, are "covered claims" within the meaning of former Insurance Code section 1063.1, subdivision (c)(1)(vii) so that CIGA must defend Ohrbach's. We think that they are, and therefore reverse.

■ The Legislature created CIGA in 1969 to provide "insurer insolvency insurance," i.e., CIGA satisfies certain claims arising out of policies issued by insurers who have become insolvent. CIGA is an involuntary association of insurance companies; membership is a condition of doing business in California. (*Isaacson* v. *California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 784 [244 Cal.Rptr. 655, 750 P.2d 297].) CIGA need satisfy only "covered claims," as defined by statute.

The parties have stipulated that appellant is not a California resident, although doing considerable business in California. It was insured by the Ideal Mutual Insurance Company, a New York enterprise. Thirteen California residents have filed tort actions against appellant. Ideal Mutual Insurance Company became insolvent, and unable to defend or settle the claims. Appellant therefore tendered the claims to CIGA. CIGA declined the claims, on the ground that they were not "covered claims," because appellant is a nonresident. CIGA concluded that it was therefore not authorized to pay them.

Appellant filed a complaint for declaratory relief. CIGA moved for summary judgment, which was granted. This appeal followed.

■ The question, one of first impression, is whether the claims of California residents against appellant, a nonresident, are "covered claims" as defined in former Insurance Code section 1063.1, subdivision (c)(1), which stated at the time the subject claims arose: " 'Covered claims' means the obligations of an insolvent insurer . . . (vii) in the case of other classes of insurance if the policy is issued to a resident of this state or claim against an insured thereunder is made by a resident of this state."

Subdivision (c)(1)(vii) has two clauses divided by the disjunctive "or." The claim is covered if:

1. The policy is issued to a resident of this state.

OR

2. A claim against an insured thereunder is made by a resident of this state.

The first clause is concededly inapplicable, since it is stipulated that appellant is not a California resident. The second clause renders CIGA liable if a resident of this state made a claim "against an insured thereunder." The claims in the case at bench are made by California residents. The precise question thus becomes, To what does "thereunder" refer?

The Legislature's choice of the word "thereunder" was regrettable, since it creates an ambiguity. "Thereunder" could relate back to "policy" only, or relate back to "policy [ ] issued to a resident of this state." The first interpretation supports appellant's position, the second respondent's. Both are plausible, at least on the surface.

We conclude that the first interpretation is the correct one, so that third-party claims may be made against residents or nonresidents. The contrary interpretation would put beyond the protection of the CIGA statutes those Californians unlucky enough to be injured by non-Californians insured by insolvent providers. CIGA provides no plausible rationale for supposing this anomalous result was the legislative intent—in fact, no rationale whatsoever. ■ It goes without saying that effectuating the Legislature's intent is the cardinal rule of statutory construction.

■ Our conclusion is buttressed by dicta in *California Insurance Guarantee Assn.* v. *Liemsakul* (1987) 193 Cal.App.3d 433 [238 Cal.Rptr. 346], and *In re Eldorado Insurance Co.* (1987) 189 Cal.App.3d 1149 [234 Cal.Rptr. 734]. In *Liemsakul* the court wrote: "CIGA was created in 1969 to protect policyholders of insolvent insurers and third parties claiming under policies issued by insurers that become insolvent." (*California Insurance Guarantee Assn.* v. *Liemsakul, supra,* 193 Cal.App.3d at pp. 438-439.) The *Eldorado* court wrote: "[W]ith regard to all classes of insurance other than workers' compensation, CIGA must pay only those claims against policies issued to California residents or claims made by California residents." (*In re Eldorado Insurance Co., supra,* 189 Cal.App.3d at p. 1157.) Both cases, by not excluding nonresident insureds, indicate the courts' previous understanding of CIGA coverage, which we endorse.

This interpretation is further supported by Insurance Code section 1063.2, subdivision (c)(1) which states in part: "If damages against *an insured who is not a resident of this state* are recoverable by a claimant who is a resident of this state, in whole or in part, from any insolvency fund or its equivalent in the state where the insured is a resident, such damages recoverable shall be a credit against a covered claim payable under this article." (Italics added.) This statute explicitly contemplates recovery by a

resident against a nonresident insured, the factual situation posed by the case at bench.

The Legislature amended section 1063.1, subdivision (c)(1) effective January 1, 1988, after this appeal was filed. The law now states: "'Covered claims' means the obligation of an insolvent insurer . . . (vii) in the case of other classes of insurance if the claimant or insured is a resident of this state at the time of the insured occurrence or the property from which the claim arises is permanently located in this state." Ordinarily, when the Legislature reworks statutory language it is presumed to effect a change in the law's meaning. (*State Farm Mut. Auto. Ins. Co.* v. *Vaughn* (1984) 162 Cal.App.3d 486, 489 [208 Cal.Rptr. 601].) The meaning of this section has been substantively changed: by the addition of the phrase "at the time of the insured occurrence" and the phrase, "or the property from which the claim arises is permanently located in this state." This has the effect of limiting the circumstances in which a claim is "covered." The remainder of the amendment is simply a reformation of the earlier version, eliminating the word "thereunder" and the resulting ambiguity.

 Respondent's strongest argument is that appellant's interpretation results in the following statute: "[I]n the case of other classes of insurance if the policy is issued to a resident of the state or a claim ~~against an insured~~ ~~thereunder~~ is made by a resident of this state." This violates the rule of construction that every word and phrase be given some reason for being there.

This criticism has some force. We think the answer is that the statute was in fact inartfully drafted and was improved and clarified by the 1988 amendments. Thus, we think the rule of construction must give way in this instance to a reading better calculated to give the statute its intended effect.

The judgment is reversed. Each side is to bear its own costs.

Compton, J., and Fukuto, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 15, 1988.