[No. B069991. Second Dist., Div. Six. Oct. 5, 1993.]

RICHARD L. UTLEY, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY et al., Defendants and
Respondents.

816

COUNSEL

Rehwald, Rameson & Lewis and William Rehwald for Plaintiff and Appellant.

Pollak, Vida & Fisher, Michael M. Pollak and Gerard A. Lafond, Jr., for Defendants and Respondents.

OPINION

YEGAN, J.—Richard Utley appeals from an adverse declaratory relief judgment entered in favor of his insurer, Allstate Insurance Company (Allstate). Appellant was sued by a third party for indemnity after his son fell off a bicycle and injured himself. Appellant brought the instant action for declaratory relief when Allstate advised him that his homeowners insurance policy provided no coverage. The trial court determined that a "resident relative" exclusion in the policy precluded coverage. We affirm.

Appellant is the policyholder of an Allstate Deluxe Homeowners Policy. On February 26, 1989, his adult son, Darren Utley (Darren), was injured while riding appellant's bicycle on a sidewalk. Darren brought an action for personal injuries against the City of Simi Valley and distributors of the bicycle. (Darren Utley v. City of Simi Valley (Super. Ct. Ventura County, No. 109534).) The defendants filed cross-complaints against appellant, alleging that he failed to properly maintain the bicycle. Appellant tendered the cross-complaints to Allstate, but it refused to defend because Darren was a resident of appellant's household.

The policy provided in pertinent part: "*We* do not cover *bodily injury* to an *insured person* or *property damage* to property owned by an *insured person* whenever any benefit of this coverage would accrue directly or indirectly to an *insured person*." The definitions section of the policy stated: "3. *"Insured person"*—means *you* and, if a resident of *your* household: [¶] a) any relative; and [¶] b) any dependent person in *your* care."

Appellant filed suit alleging that Allstate had a duty to defend and indemnify against the third party cross-complaints. Appellant contended that the "resident relative" exclusion did not apply because Darren was not a resident of the household.

At trial, the parties stipulated that Darren had been in the Marines and moved to Simi Valley in December 1988 to live with his parents on a

temporary basis. Before his discharge, he lived on the Marine Corps base in San Diego. On February 28, 1989, the day of the accident, Darren was living with his parents.

It was further stipulated that Darren was engaged to be married and planned to live with his parents until the July 1989 wedding. A month before the accident, Darren and his fiance put $5,000 down on the purchase of a new condominium. The couple planned to move into the condominium in August after it was completed.

The trial court determined that the "resident relative" exclusion precluded coverage. The court, by minute order, found that "Darren had permanently left his Marine location and had no intention of returning. He intended to marry and move into a condominium in July when it would be completed. Allstate contends that during the intervening six or eight months, Darren was a resident of his parents' household. Plaintiff contends that Darren was a visitor. [¶] There is no clear bright line stating the number of hours, days, weeks, or months after which a visitor becomes a resident. The length of stay is clearly a factor. Another factor is whether the 'visitor' has a 'residence' to return to." Judgment was entered for Allstate.

On appeal, we make a de novo review of the policy to determine coverage. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94, 100 [109 Cal.Rptr. 811, 514 P.2d 123].) In doing so, we are guided by the rule that coverage clauses are interpreted broadly to afford the greatest possible protection to the insured and exclusionary clauses are interpreted narrowly against the insurer. (*Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 808 [180 Cal.Rptr. 628, 640 P.2d 764].)

Appellant contends that the policy exclusion did not apply because Darren was a visitor and lived in the house on a temporary basis. We disagree. Substantial evidence supported the trial court's finding that Darren was a resident of the household. Darren ate, slept, and kept his belongings at the house. It was uncontroverted that he received mail there and used the address to establish a new bank account. The trial court reasonably concluded that Darren's military discharge and six-month stay at his parents' house constituted a change of residence.

Appellant, however, cites Government Code section 244 for the rule that there can be no change of residence until a person intends to make his new

abode a permanent residence.[1] Appellant argues that Darren was domiciled in San Diego, and "[a] domicile once acquired is presumed to continue until it is shown to have been changed. . . ." (*Murphy* v. *Travelers Ins. Co.* (1949) 92 Cal.App.2d 582, 587 [207 P.2d 595].) He asserts that the same rule applies when determining one's residence.

"The term 'resident' has been defined by courts in various ways in the insurance context. [Citations.] For example, some cases define resident using Government Code section 244, which states '. . . (b) [t]here can only be one residence' . . . . Other cases recognize that a person may have several residences at the same time and for different purposes. [Citations.]" (*National Auto. & Cas. Ins. Co.* v. *Underwood* (1992) 9 Cal.App.4th 31, 39 [11 Cal.Rptr.2d 316].)

We reject the assertion that Darren's San Diego "domicile" and "residence" were one in the same. ■ A "domicile" is ". . . the one location with which for legal purposes a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the intention of returning. . . . [W]hereas 'residence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn. . . . [A] person may have only one domicile at a given time, but he may have more than one physical residence separate from his domicile and, at the same time. [Citations.]" (*Smith* v. *Smith* (1955) 45 Cal.2d 235, 239 [288 P.2d 497].)

■ Following his discharge from the Marines, Darren had no residence in San Diego. He did, however, take up residence with his parents for six months. To hold that Darren was domiciled in San Diego but had no residence would violate the statutory rule that "[e]very person has, in law, a residence." (Gov. Code, § 243.)

The "resident relative" exclusion may not be based entirely on the subjective intent of the live-in relative. Such a rule would mean that coverage expands and contracts on the whimsical plans of a dependent family member. Darren testified that he returned home to live with his parents because

---

[1]Government Code section 244 states: "In determining the place of residence the following rules shall be observed: [¶] (a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of respose. [¶] (b) There can only be one residence. [¶] (c) A residence cannot be lost until another is gained. [¶] (d) The residence of the parent with whom an unmarried minor child maintains his or her place of abode is the residence of such unmarried minor child. [¶] (e) The residence of an unmarried minor who has a parent living cannot be changed by his or her own act. [¶] (f) The residence can be changed only by the union of act and intent. [¶] (g) A married person shall have the right to retain his or her legal residence in the State of California notwithstanding the legal residence or domicile of his or her spouse."

be he had no place else to live. The fact that he had two bank accounts in San Diego and never changed the address on his driver's license is not dispositive. The critical factor is that Darren moved into his parents' house and used it as a place of residence.

Next, appellant contends that the policy is ambiguous and capable of more than one construction. ■ "A court that is faced with an argument for coverage based on assertedly ambiguous policy language must first attempt to determine whether coverage is consistent with the insured's objectively reasonable expectations." (*Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254, 1265 [10 Cal.Rptr.2d 538, 833 P.2d 545].)

Appellant argues that the words "residence" and "domicile" are interchangeable and render the policy ambiguous. We disagree. ■ The plain language of the policy must be respected, especially where, as here, the word "domicile" does not appear in the policy. "Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinarily attach to them. Courts will not adopt a strained or absurd interpretation in order to create an ambiguity when none exists. [Citations.]" (*Reserve Insurance Co.* v. *Pisciotta*, *supra*, 30 Cal.3d 800, 807.)

■ Appellant nonetheless claims that the policy is ambiguous because it fails to distinguish between family visitors and those who reside in the insured's household on a permanent basis. He contends that the "resident relative" exclusion does not apply to adults who, like Darren, use their parents' house as a temporary abode.

The argument lacks merit because the term "resident," as used in the policy, varies according to the circumstances and facts of the case. (*Cal-Farm Ins. Co.* v. *Boisseranc* (1957) 151 Cal.App.2d 775, 781-782 [312 P.2d 401].) *Safeco Ins. Co.* v. *Gibson* (1989) 211 Cal.App.3d 176 [259 Cal.Rptr. 206] illustrates the problem. There, a boy was fatally injured while riding in a car operated by his divorced father. Although the father and mother shared joint custody of the child, the dissolution judgment provided that the mother's house was the boy's primary place of residence. (*Id.* at p. 178.) When mother filed suit against father for wrongful death, the father's automobile insurance carrier (Safeco) denied coverage. Safeco took the position that the boy was a resident of the father's household.

In an action for declaratory relief, the Court of Appeal held that the boy had "dual residences." (211 Cal.App.3d at p. 184.) The court acknowledged that the cases construing household resident exclusions were "muddled" but rejected the argument that the policy was ambiguous. (*Id.* at pp. 180-182.)

"[T]he common thread that runs through [cases interpreting 'resident' and 'household'] is not whether the terms 'resident' or 'member of the household' are themselves inherently ambiguous, but whether, under the particular facts of each of those cases, insurance coverage was extended or excluded under the terms of the policy in question." (*Id.* at p. 181.)

■ Appellant insists that the coverage principles discussed in *Safeco Ins. Co.* v. *Gibson, supra,* are limited to minor children. We disagree. Other courts, construing similar insurance provisions, have held that a relative may be a resident of the insured's household even though he or she does not live in the household on a daily basis. (*Reserve Insurance Co.* v. *Apps* (1978) 85 Cal.App.3d 228, 231-232 [149 Cal.Rptr. 223] [husband deemed a resident of wife's household even though separated and living in an apartment]; *State Farm Mut. Auto. Ins. Co.* v. *Elkins* (1975) 52 Cal.App.3d 534, 537-541 [125 Cal.Rptr. 139] [19-year-old daughter deemed a resident of father's household even though living in an separate apartment]; *Hardware Mutual Casualty Co.* v. *Home Indemnity Co.* (1966) 241 Cal.App.2d 303, 308-312 [50 Cal.Rptr. 508] [nephew living with his aunt and uncle deemed a resident of their household].)

The issue presented is whether the term "resident" should be interpreted differently when extending coverage to family members injured by a third party, as opposed to those cases (i.e., coverage exclusion cases) where the family member brings suit directly or indirectly against the policyholder. The court in *Cal-Farm Ins. Co.* v. *Boisseranc, supra,* 151 Cal.App.2d 775, reviewed the cases on the subject and noted that ". . . in the extension cases the questioned terms [resident and household] are broadly interpreted, while in the exclusion cases the same terms are given a much more restricted interpretation." (*Id.* at p. 782.)

■ Here, the "dual residence" principle discussed in *Safeco Inc. Co.* v. *Gibson, supra,* applies. Assuming for the moment that Darren's primary "residence" was San Diego, the record shows that Darren used his parent's house as a second residence. The assertion that Darren could not become a "resident" of the household until he changed his "domicile" is unavailing. Allstate had no duty to defend or indemnify against Darren's tort claims.

■ Appellant finally argues that the "resident relative" exclusion is unfair and violates public policy. We disagree. " '[T]he concept of a household exclusion is a common one which has long enjoyed judicial support. Its purpose is to prevent suspect inter-family legal actions which may not be truly adversary and over which the insurer has little or no control. Such an exclusion is a natural target for the insurer's protection from collusive

assertions of liability. . . .' [Citation.]" (*Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383, 389 [173 Cal.Rptr. 846, 628 P.2d 1]; see also *State Farm Fire & Cas. Co.* v. *Alstadt* (1980) 113 Cal.App.3d 33, 39-40 [169 Cal.Rptr. 593]; and *State Farm Fire & Cas. Co.* v. *Clendening* (1983) 150 Cal.App.3d 40, 43 [197 Cal.Rptr. 377].)

Darren was an additional insured under the policy, but because of the "resident relative" exclusion, entitled to no coverage for injuries caused by appellant's claimed negligence. Had Darren filed suit against against appellant, Allstate would have had no duty to defend or indemnify. The same result follows if Darren brings an action against a third party and the third party seeks contribution or indemnity from appellant. (*Lumbermens Mut. Cas. Co.* v. *Vaughn* (1988) 199 Cal.App.3d 171, 181 [244 Cal.Rptr. 567].) We therefore conclude that the "resident relative" exclusion applies not only to direct claims brought by an insured against another insured, but to indemnification claims by third parties against the policyholder. (*Ibid.*; *State Farm Mut. Auto Ins. Co.* v. *Vaughn* (1984) 162 Cal.App.3d 486, 489 [208 Cal.Rptr. 601].)

The judgment is affirmed. Allstate is awarded costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.