WHIRLPOOL CORPORATION, a foreign corporation, Plaintiff-Respondent,†

v.

Sharon ZIEBERT, Defendant,†

ALLSTATE INSURANCE COMPANY, a foreign insurance company, Defendant-Third Party Plaintiff-Appellant,

v.

Jaclyn ZIEBERT, Third Party Defendant-Intervenor-Respondent,

Kenneth ZIEBERT, Metropolitan Life Insurance Company, and Blain Supply, Inc., Third Party Defendants.

Court of Appeals

*No. 93–3307. Submitted on briefs October 5, 1994.—Decided October 25, 1994.*

(Also reported in 525 N.W.2d 128.)

†Petition to review granted.
†Petition to review granted.

On behalf of the defendant-third party plaintiff-appellant, Allstate Insurance Company, the cause was submitted on the briefs of *Robert J. Lauer* and *Christine M. Benson* of *Kasdorf, Lewis & Swietlik, S.C.,* of counsel, of Milwaukee.

On behalf of the plaintiff-respondent, Whirlpool Corporation, the cause was submitted on the briefs of *J. Ric Gass, Mary S. Ogorchock,* and *Mark W. Rattan* of *Kravit Gass & Weber, S.C.,* of Milwaukee.

On behalf of the third party defendant-intervenor-respondent, Jaclyn Ziebert, the cause was submitted on the briefs of *Paul R. Van Grunsven* of *Techmeier & Van Grunsven, S.C.,* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J.   When she was approximately three and one-half years old, Jaclyn Ziebert was helping her mother Sharon Ziebert grind meat in a meat grinder manufactured by Whirlpool Corporation. She caught her hand in the grinder, and was injured. Jaclyn and her parents sued Whirlpool and the store where the Zieberts purchased the meat grinder. Whirlpool seeks contribution from Sharon Ziebert and Allstate Insurance Company, the Zieberts' homeowner's insurance carrier, alleging that Mrs. Ziebert's negligence "proximately caused" her daughter's injuries.[1] Allstate asserts that the "family exclusion" clause in the Zieberts' homeowner's policy relieves it of liability in connection with the contribution claim, and it sought summary judgment to that effect from the trial court. The trial court denied the motion, and we granted leave to appeal the non-final order. We reverse.

The issue on this appeal turns on the family exclusion clause in the Allstate homeowner's policy issued to the Zieberts. There are no disputed issues of fact. We review *de novo* the trial court's denial of summary judgment. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Further, construction of an insurance contract is a legal matter that we also decide *de novo. Borgen v. Economy Preferred Ins. Co.,* 176 Wis. 2d 498, 503, 500 N.W.2d 419, 421 (Ct. App. 1993).

The family exclusion clause provides:

---

[1] Whirlpool started this separate action because its motion to assert its contribution claim in the Zieberts' action was denied as untimely. This procedural complication has no bearing on the merits of this appeal.

> We do not cover bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

(Bolding deleted.) An "insured person" under the policy is defined as: "you and, if a resident of your household: (a) any relative; and (b) any dependent person in your care." (Bolding deleted.) "You" is defined by the policy as "the person named on the declarations page as the insured and that person's resident spouse." Both Mr. and Mrs. Ziebert are named as insureds on the declarations page of the policy. There is no dispute but that both Sharon Ziebert and Jaclyn Ziebert are "insureds" under the policy. The family-exclusion clause is not ambiguous; accordingly, we "construe it as it stands." *See Borchardt v. Wilk*, 156 Wis. 2d 420, 427, 456 N.W.2d 653, 656 (Ct. App. 1990).

Family-exclusion clauses are valid in Wisconsin. *Shannon v. Shannon*, 150 Wis. 2d 434, 455–456, 442 N.W.2d 25, 35 (1989). They "protect[ ] insurers from situations where an insured might not completely cooperate and assist" the company in defense of a claim. *A.G. v. Travelers Ins. Co.*, 112 Wis. 2d 18, 21, 331 N.W.2d 643, 645 (Ct. App. 1983). The only question presented by this appeal is one of first impression in this state: whether the family-exclusion clause found in the Allstate policy issued to the Zieberts applies to a claim for contribution by a defendant who is potentially liable to the plaintiff. We conclude that it does.

As noted, Jaclyn Ziebert and her parents have sued Whirlpool and the store that sold them the meat grinder. Jaclyn has not, however, asserted a claim against her mother. If Whirlpool is liable to Jaclyn Ziebert, and Sharon Ziebert is liable to Whirlpool in contribution, Allstate will be called upon to satisfy that

456

liability under its homeowner's policy. If Allstate is forced to satisfy Sharon Ziebert's liability to Whirlpool, both Sharon and Jaclyn Ziebert will benefit from the insurance coverage.[2] This is precisely the exposure that the Allstate family-exclusion clause eliminates.[3] *See, e.g., Utley v. Allstate Ins. Co.*, 19 Cal. App. 4th 815, 818, 823, 24 Cal. Rptr. 2d 1, 2, 5 (Cal. App. 1993) (interpreting an exclusion clause identical to the one here).

*By the Court.*—Order reversed.

[2] If Sharon Ziebert is liable for all or some of her daughter's injuries, and Allstate is forced to pay to Whirlpool Sharon Ziebert's share of her daughter's damages, the money Allstate paid will go to Jaclyn, benefitting her "indirectly." Allstate's payment will also benefit Sharon Ziebert "directly" by relieving her of her liability to Whirlpool. If Sharon Ziebert is unable to pay Whirlpool, and thus would choose bankruptcy rather than pay Whirlpool, her avoidance of that course is also a benefit that would accrue to her as a result of Allstate's payment.

[3] In a contention that seeks to avoid the clear language of the exclusion, Whirlpool argues that its suit against Sharon Ziebert is not collusive, and that, therefore, the reason for the exclusion is not present. Mrs. Ziebert's zeal in defending against Whirlpool, however, certainly would be less if she knew that any Whirlpool recovery would be paid by Allstate and not by her.