95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ATLANTIC MUTUAL INSURANCE CO., a New York Corporation,
Plaintiff-Appellant,
v.
Pe THAUNG, Daphne Thaung, and George Thaung, Defendants-Appellees.
 No. 94-56402.
 United States Court of Appeals, Ninth Circuit.
 Argued Aug. 11, 1996.
Resubmitted Aug. 22, 1996.
Decided Aug. 26, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges, and VAN SICKLE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Atlantic Mutual Insurance Company appeals a grant of summary judgment in favor of Pe Thaung and George Thaung. We hold that the district court did not abuse its discretion by hearing this declaratory judgment action and affirm the grant of summary judgment.
 
 
 4
 The magistrate court did not abuse its discretion by exercising jurisdiction over this dispute. The underlying litigation is occurring in Canadian courts, while the insurance coverage issues are governed by California law. Our desire to allow state courts to interpret their own state's insurance laws is simply not applicable to this case. Compare Employees Reins. Co. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) ("[T]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations."). Moreover, it is not clear that the Canadian court would or could exert jurisdiction over the coverage issue. See Canadian Int'l Mktg. Distrib. Ltd. v. Nitsuko Ltd., 68 D.L.R.4th 318 (B.C.App.1990). Therefore, the court did not abuse its discretion by exercising jurisdiction here.
 
 
 5
 The insurance policy at issue provided coverage for "family members" who became responsible for damages due to an automobile accident. The policy defined "family members" as "a person related to [the named insured] by blood, marriage or adoption who is a resident of your household." (emphasis added). As Pe and George are related by blood, the only question is whether George was a "resident" of Pe's household at the time of the accident.
 
 
 6
 Here, the magistrate judge correctly held that George was a resident of Pe's household at the time of the accident. George had only temporarily moved away for training and continued to return to Pe's house throughout the training period. See Reserve Ins. Co. v. Apps, 85 Cal.App.3d 228, 231 (1978); State Farm Ins. Co. v. Elkins, 52 Cal.App.3d 534 (1975). His parents maintained his room and he stayed in it whenever he returned home. See Elkins, 52 Cal.App.3d at 539.
 
 
 7
 Furthermore, the policy covered both Pe and George's use of the Mustang because, at the time of the accident, Pe had an insurable interest in the vehicle. Although Pe did not hold legal title to the vehicle, actual ownership is not necessary to maintain an insurable interest in an object. Osborne v. Security Ins. Co., 318 P.2d 94, 98 (Cal.1957). Here, Pe financed the purchase of the Mustang, he and other members of the family drove it, and the Mustang was listed on the declaration sheet as Pe's "covered auto." Any misfortune which might occur to the Mustang "might directly damnify the insured," Pe, and therefore Pe had an insurable interest in the Mustang. See Cal.Ins.Code § 281.
 
 
 8
 In short, we affirm the grant of summary judgment. However, we decline to award damages to the Thaungs for Atlantic Mutual's filing of this appeal. The appeal was not frivolous.
 
 
 9
 Affirmed. Atlantic Mutual Insurance Company shall bear the costs of this appeal.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appopriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3