[No. G021060. Fourth Dist., Div. Three. July 30, 1999.]

MEHRAN AFRASIABI, Plaintiff and Appellant, v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant and
Respondent.

COUNSEL

Harvey Lerer & Associates, Joseph Martin Barrett, Anoush Terry Ashkarian and Neil R. Anapol for Plaintiff and Appellant.

Hughes & Nunn, Randall M. Nunn and Melissa K. Mixer for Defendant and Respondent.

OPINION

SEYMOUR, J.*—This appeal concerns the interpretation of an exclusion clause in a homeowners insurance policy issued by respondent State Farm Fire & Casualty Company (State Farm). The appellant, Mehran Afrasiabi (Mehran), contends the trial court erred in finding the household resident exclusion in his uncle's policy applied to him. We affirm.

The insured, Mohamad Afrasiabi (Mohamad), was sued by his nephew Mehran for personal injuries he received after being thrown into a swimming pool by four men, including Mohamad, during a party at the home of a family friend. Mohamad requested that State Farm defend and indemnify

---

*Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

him under his homeowners policy. State Farm refused, contending Mehran was an insured under the policy, and the policy contained a clause excluding coverage for claims for bodily injury to any insured (the exclusion clause). The State Farm policy defined insured as follows: " 'Insured' means you and, if residents of your household: a. your relatives; b. any other person under the age of 21 who is in the care of a person described above." After State Farm declined coverage, Mehran released Mohamad from any personal financial responsibility in return for an assignment of Mohamad's rights, if any, against State Farm. A default judgment was entered against Mohamad for $2,109,724 plus costs and interest.

At trial, the parties stipulated to first try the issue of coverage and defer the issue of damages. The uncontroverted testimony was that at the time of the accident, Mehran was living in his uncle's 1,500-square-foot, 4-bedroom home. Mehran received his mail at the house. He paid rent to Mohamad, but if he did not have enough money to pay the rent, Mohamad would on occasion reduce the rent in exchange for work done around the house. Mehran had access to the entire house, with the exception of Mohamad's bedroom. Mehran used the kitchen occasionally and was allowed to store tools in the garage.

The court found the term "household" was not ambiguous, and under the circumstances surrounding Mehran's and Mohamad's living arrangements, Mehran was a resident relative of the household. Judgment was entered for State Farm, and this appeal followed.

The sole issue in this case is whether Mehran was an insured under the State Farm policy. He argues the phrase "resident of your household," as used in the policy exclusion, is ambiguous and should have been construed to exclude adult boarders. Mehran argues that because he paid rent and had the exclusive right to occupy his bedroom, he maintained his own separate household. The facts belie this claim. Mehran had the right to use all areas of the house except his Uncle Mohamad's bedroom and office. The house was not divided into separate apartments. There was only one entrance to the house. Mohamad paid the utilities and Mehran used the kitchen and refrigerator as he chose.

The trial court's statement of decision framed the issue as follows: "The proper question is whether the word [household] is ambiguous in the context of this policy and the circumstances of this case." It cited *Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254 [10 Cal.Rptr.2d 538, 833 P.2d 545]

and *Bay Cities Paving & Grading, Inc.* v. *Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854 [21 Cal.Rptr.2d 691, 855 P.2d 1263]. In both cases the California Supreme Court held that whether an ambiguity exists must be determined with reference to the facts of a particular case. (*Bay Cities Paving & Grading Inc.* v. *Lawyers' Mutual Ins. Co., supra,* 5 Cal.4th at p. 867; *Bank of the West* v. *Superior Court, supra,* 2 Cal.4th at p. 1265.) In *Bay Cities,* the court further held that the absence of a definition in the policy does not by itself make the phrase ambiguous. (*Bay Cities Paving & Grading Inc.* v. *Lawyers' Mutual Ins. Co., supra,* 5 Cal.4th at p. 868.) The trial court here concluded, "In light of the terms of the policy . . . a lay person would interpret Mehran to have been a member of Mohamad's household and when the aforementioned factual context is considered, that position is proper."

Numerous cases hold resident relative exclusions are not ambiguous. Such provisions have been found sufficiently clear to notify policyholders of the intention to exclude resident relatives from coverage. (*Utley* v. *Allstate Ins. Co.* (1993) 19 Cal.App.4th 815 [24 Cal.Rptr.2d 1] [homeowners policy excluded coverage for homeowner's adult son who had temporarily moved back to family home after leaving military service]; *Safeco Ins. Co.* v. *Gibson* (1989) 211 Cal.App.3d 176 [259 Cal.Rptr. 206] [auto policy excluded coverage for liability for bodily injury to insured's child who was a resident of insured's household]; *State Farm Fire & Cas. Co.* v. *Clendening* (1983) 150 Cal.App.3d 40 [197 Cal.Rptr. 377] [homeowners policy excluded coverage for liability for bodily injury to insured's wife]; *State Farm Fire & Cas. Co.* v. *Alstadt* (1980) 113 Cal.App.3d 33 [169 Cal.Rptr. 593] [homeowners policy excluded coverage for liability for bodily injury to insured's brother].]

The current facts are similar to those in *Utley* v. *Allstate Ins. Co., supra,* 19 Cal.App.4th 815. There, a father sought coverage under a homeowners policy for a claim brought by his adult son for injuries suffered while riding his father's bicycle. The policy had a resident relative exclusion virtually identical to that contained in the State Farm policy. (*Id.* at p. 818.) In a declaratory relief action brought by Allstate, the father contended his son was not a "resident" of the household, but was instead a "visitor" living at the house on a temporary basis. (*Id.* at p. 819.) The appellate court determined there was substantial evidence to support the trial court's conclusion the son's military discharge and six-month stay at his parent's house constituted a change of residence and brought him within the exclusion. (*Ibid.*)

The only distinction between *Utley* and the current case is the fact that Mehran paid rent to his uncle. The payment of rent to a relative does not

affect the exclusion for "resident relatives." It would not be at all unusual for parents to charge rent to adult children who return to the parental home. If payment of rent was made a determining factor in cases involving the "resident relative" exclusion, it would vitiate the goal of screening out collusive lawsuits. The courts in California have recognized that the resident relative exclusion serves the public policy of insulating insurers from questionable claims. As the court stated in *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383, 389 [173 Cal.Rptr. 846, 628 P.2d 1]: " '[T]he concept of a household exclusion is a common one which has long enjoyed judicial support. Its purpose is to prevent suspect inter-family legal actions which may not be truly adversary and over which the insurer has little or no control. Such an exclusion is a natural target for the insurer's protection from collusive assertions of liability. [¶] . . . [T]he freedom of the parties to exclude risks from an insurance contract is well established[.] [Citations.]' "

Mehran's reliance on *National Auto. & Cas. Ins. Co.* v. *Underwood* (1992) 9 Cal.App.4th 31 [11 Cal.Rptr.2d 316] is unfounded. In that case two children sued their mother for injuries sustained in an automobile accident. The mother's insurer declined coverage based on the exclusion for bodily injury to an insured person which defined "persons insured" as the named insured and any resident of the same household. (*Id.* at p. 35.) The father had primary custody of the children and the children lived with him a majority of the time, but they were having a one-week visit with the mother at the time of the accident. The court found the term "resident" was ambiguous because there were three reasonable constructions of the term based on the circumstances of the case, i.e. the children had a single residence with their father; the children had a residence with the mother, where they were physically residing at the time of the accident; and the children had a dual residence. (*Id.* at pp. 41-42.) Since there were two or more reasonable interpretations, the court followed the rule stated in *Island* v. *Fireman's Fund Indemnity Co.* (1947) 30 Cal.2d 541, 548 [184 P.2d 153, 173 A.L.R. 896]: "A cardinal rule of interpretation is that, where a provision of an insurance policy is susceptible of two constructions, it should be construed most strongly in favor of the policyholder." The court found that the insured mother could reasonably expect that the children were not considered residents of her household since they spent most of their time with their father.

The exclusionary language of the State Farm policy included persons in Mehran's position as insureds. The phrase "residents of your household" is restricted to relatives and logically includes relatives who also pay rent to the owner of the house. The language was clear enough to inform an insured such as Mohamad that the exclusion would apply to Mehran's claims. There

is no merit in the argument that a narrow construction of the exclusionary language would lead to the conclusion Mehran was not a resident of Mohamad's household. There was ample evidence in the record to support the trial court's finding Mehran was a resident of Mohamad's household.

The judgment is affirmed. State Farm is awarded its costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.