## CAREY v McCASLIN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 18662. Decided May 25, 1942.

B. J. Schulist, Esq., Cleveland, for plaintiff-appellant.

R. J. Lamb, Esq., Cleveland, for defendant-appellee.

### OPINION

By MORGAN, J.

The Common Pleas Court in this case granted the defendant's motion for judgment on the pleadings. The plaintiff appeals.

The facts as shown by the pleadings are as follows: Plaintiff and Defendant were joint owners of real estate mortgaged to the National City Bank of Cleveland to secure the payment of a note to the bank on which the plaintiff and the defendant were co-makers. The bank filed an action in the common pleas court of this county on the note and for foreclosure of the mortgage, and on July 27, 1936, recovered a judgment against the plaintiff and defendant, co-makers of the note, in the sum of $12,426.61 and costs. Plaintiff employed counsel who conducted negotiations and arranged a settlement with the bank by which the plaintiff and defendant conveyed to the bank title to the mortgaged property and the plaintiff paid to the bank, in addition, the sum of $1000.00 in full satisfaction of the bank's judgment against both plaintiff and defendant.

The plaintiff further alleged in her petition that she paid her counsel the sum of $350.00 for conducting such negotiations and completing a settlement with the bank and she prays judgment against the defendant for $675.00, being one-half of the amount of money expended by plaintiff in settlement and for attorney fees.

The sole question presented in this appeal is whether a debtor is entitled to contribution from a co-debtor where the former, by the payment of an amount less than his proportionate share of the common obligation, completely satisfies it and secures a release for both parties.

If the debtor by the payment of less than his proportionate share of the debt does not secure such a release there exists no right to contribution. In the case of **Camp v Bostwick, 20 Oh St 338**, the plain-

tiff surety was allowed contribution from the estate of a co-surety to the extent that the plaintiff had paid more than his proportionate share of the debt. In that case the court stated, page 348:

"Among co-sureties the right to demand contribution does not arise until one has paid more than his proportion of the common liability.".

The court, in Camp v Bostwick, cited as precedents two English cases, Gifford ex parte, 6 Ves. 805; Davies v Humphries, 6 Mees & Wels. 152.

In the instant case the plaintiff, by the payment of $1000.00 which was less than her proportionate share of the debt, secured a satisfaction of the judgment against both plaintiff and defendant. Does the fact that by her payment the plaintiff secured such a release, distinguish the case from Camp v Bostwick?

In Stallworth v Preslar, 34 Ala. 505, the plaintiff a co-surety with the defendant, discharged a $3400.00 obligation for $1000.00 and sued the defendant for contribution in the amount of $500.00. The defendant contended that inasmuch as the plaintiff had not paid more than his own moiety of the claim no right of contribution existed. The court held to the contrary. After stating the general rule, the court continued:

"If, however, the entire liability is discharged — cancelled — against both sureties, then the plaintiff has paid a greater sum than the defendant can ever be required to pay to the creditor; For he can never be required to pay anything to him. In such case, if he is not liable to his co-surety, he is liable

to no one. The result of the rule contended for would be to give him the benefit of the plaintiff's bargain without imposing on him any of its burdens. * * * Under well defined rules, Stallworth at the time he made the payment had the clear right to pay the entire debt and then to require one moiety therefrom from Preslar. To hold that because he secured better terms than the law required he should demand, he thereby forfeited his right to contribution, would lead to the most shocking injustice."

Inasmuch as the right to contribution is not based on contract, express or implied, but is founded on principles of equity and natural justice, it seems to the majority of this court that the reasoning of the court in Stallworth v Preslar is unassailable. It is not in conflict with the reasoning of our Supreme Court in Camp v Bostwick where the court quoted with evident approval the language of Parke, B., in Davies v Humphries, 6 Mees & Wels 152, as follows:

"If a surety pays a part of the debt only, and less than his moiety, he cannot be entitled to call on his co-surety who might himself subsequently pay an equal or greater proportion of the debt; in the former of which cases such co-surety would have no contribution to pay and in the latter he would have one to receive."

In the instant case where both parties have been released, the defendant can never be called to "subsequently pay an equal or greater proportion of the debt." Therefore, the reason for the holding in Camp v Bostwick has no application in the instant case.

If in this case the plaintiff had paid alone the full amount of the

judgment in excess of $12,000.00 it is conceded that she would have a right of contribution to require the defendant to pay her one-half of the sum so paid. Now, that the plaintiff has succeeded in settling the judgment for considerably less than its face value, a settlement which redounds as much to the benefit of the defendant as to the plaintiff it is our opinion that the right of contribution, resting as it does on the principle of equity and and natural justice, should be· allowed the plaintiff against the defendant in this case.

Both the decided cases and the text writers generally, support the proposition that a co-obligor is entitled to contribution from another co-obligor when the former has completely satisfied the obligation, even though in so doing he has paid a sum of money less than his proportionate share of the face amount of the obligation.

Headley v Post, 120 Kan. 504.
Boutin v Etsell, 110 Wis. 276.
Walker v Bowry, 14 British Ruling Cases 699 (1926).
Arant on Suretyship (1931) page 335.
Note on Gross v Davies, 10 Amer. St. Rep. 640.
Brent on Suretyship & Guaranty (3rd Edition) 597.
Stearns on Suretyship (4th Edition) 487.
6 Ruling Case Law 1043.
13 Amer. Juris. 15.

The judgment of the court of common pleas is therefore reversed and cause remanded for further proceedings according to law. Exceptions.

SKEEL, J., concurs.
LIEGHLEY, PJ., dissents.