Joseph J. KAFKA, Plaintiff-Appellant,

v.

James W. POPE, Rosanne Pope, M & I Northern Bank, First Financial Bank, F.S.B., and Chase Manhattan Leasing Corp., Defendants-Respondents.†

Court of Appeals

*No. 94–0098. Submitted on briefs May 9, 1994.—Decided July 20, 1994.*

(Also reported in 521 N.W.2d 174.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Gerald J. Mayhew* of *Trebon & Polsky* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Timothy V. Langer* of *Haight, Fabyan & Langer, S.C.* of Hartland.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J.   This is a case where the two major stockholders in a corporation signed separate personal guarantees with the same bank to secure the indebtedness of the corporation. We hold that a guarantor may be entitled to contribution from the other guarantor, even though their guarantees are evidenced by separate instruments, if the debt for which they are liable is the same. We reverse the trial court's conclusion to the contrary.

Joseph J. Kafka and James W. Pope were officers and shareholders of Wisconsin Truck Center, Inc. This corporation executed three promissory notes payable to M & I Northern Bank in the aggregate principal sum of $650,000. These notes were secured by personal guar-

antees that were executed separately by Kafka and Pope. The guarantees were identical and were secured by mortgages on real property owned by them individually.

The corporation floundered and was unable to meet its payments. The bank called the guarantees and Kafka paid $200,000 of his personal funds toward satisfaction of the amounts due on the promissory notes; Pope paid nothing. Kafka complained that, by virtue of the guarantees, both of them are obligated to pay one-half of the total amount of the promissory notes not paid by the corporation. The complaint alleged both a right of contribution and a right of subrogation.

The trial court granted summary judgment dismissing the complaint against Pope. The trial court found as controlling the fact that Kafka and Pope each executed separate guarantees, making each separately liable for the full amount of the debt of the notes. The trial court reasoned that coguarantee situations, where each guarantor pays its "fair share," arise only when the guarantors have signed the same instrument.

The trial court distinguished *Bissell v. Wisconsin Tax Comm'n,* 234 Wis. 421, 291 N.W. 325 (1940), one of only two Wisconsin cases remotely connected to the issue. In *Bissell*, a father and son, both shareholders in a lumber company, executed a guarantee to assure payment of the lumber company's debts. The father offered securities which he owned as collateral on the guarantee. After the father's death,, his estate began paying off his indebtedness to the bank. The son paid nothing. While the dispute in *Bissell* was not over contribution rights, the supreme court cited the only other case related to this issue, *Estate of Koch,* 148 Wis. 548, 134 N.W. 663 (1912). The court cited *Koch* with approval and stated that "ordinarily . . . the guarantor

who pays would have a right of contribution against his coguarantor for one half of the amount of his payment." *Bissell*, 234 Wis. at 427, 291 N.W. at 328. The trial court here found it significant, however, that in *Bissell*, the two guarantors signed the same guarantee. *Koch*'s facts were similar.

We start with defining exactly what is meant by the term "contribution" because doing so provides the framework for a differing conclusion than that of the trial court. Contribution is the "process by which one person obtains reimbursement from another for a proportionate share of an obligation paid by the first person but for which they are both liable." *Gardner v. Bean*, 677 P.2d 1116, 1118 (Utah 1984). This process is based upon principles of equity and natural justice, not express contract. *Carey v. McCaslin*, 43 N.E.2d 519, 520 (Ohio Ct. App. 1942). The right to contribution arises out of the *relationships* of the coguarantors regardless of the fact that they signed separate guarantees. *See Floyd Davis Sales, Inc. v. Central Mortgage Corp. of Michigan*, 398 S.E.2d 820, 822 (Ga. Ct. App. 1990).

> The right to contribution is not based on the guaranty (in the absence of language showing the parties' intent as to the proportion of the obligation each would bear.) It is based on an implied agreement that if the guaranty is enforced, each guarantor will contribute his or her just proportion of the amount for which he or she might be held liable.

*Kee v. Lofton*, 737 P.2d 55, 58 (Kan. Ct. App. 1987).

Thus, it is apparent that while the trial court looked to contract principles to resolve the issue, con-

tribution, at its root, is an equity principle. It is founded upon the relationship between persons paying a "just proportion," not upon express contract. The trial court treated the question as one of contract law; it more precisely should have been acting in equity.

Looking to the terms of the individual contractor, Kafka and Pope both signed personal guarantees to the same debtor securing promissory notes for the business in which they were the majority shareholders. The guarantees state that the undersigned would be "jointly-and severally liable." By the very terms of the guarantees, the parties acknowledged their joint liability.

In addition to the contract, their relationship as officers and shareholders of the corporation supports the view that this was a joint venture they undertook together; they should be jointly held for the debt. We conclude that it would be unjust to allow Kafka to shoulder the entire responsibility for the promissory note since the debt was incurred on behalf of a company they owned together. As a matter of equity, both should be equally liable.[1]

Pope argues, for the first time on appeal, that the parol evidence rule and the statute of frauds bar the raising of Kafka's contribution issue. We acknowledge that we can affirm for reasons not stated by the trial court even if the reasons were not argued before the trial court. *State v. Holt*, 128 Wis. 2d 110, 124-25, 382 N.W.2d 679, 687 (Ct. App. 1985). We will not accept Pope's invitation to do so here for the simple reason

---

[1] Because we have resolved the question on the basis of our discussion concerning contribution, we decline to discuss whether Kafka also has a basis for complaining against Pope based upon subrogation principles.

that the contribution question here is one of an equitable nature; parol evidence/statute of frauds issues are premised upon contract principles rather than equity principles. Pope's arguments are inapplicable.

We reverse and remand this case for further proceedings not inconsistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.