Otmar RABAS, surviving Spouse of Dorothy Rabas and Sole Beneficiary of the Estate of Dorothy Rabas, Plaintiffs,

v.

CLAIM MANAGEMENT SERVICES, INC., Defendant,

The AETNA CASUALTY & SURETY COMPANY, Manitowoc Clinic, Inc., and Manitowoc Clinic, S.C., Defendants-Third Party Plaintiffs-Appellants, †

v.

Diane RABAS, Third Party Defendant,

KOSSUTH MUTUAL INSURANCE COMPANY, Third Party Defendant-Respondent.

Court of Appeals

*No. 95–1085. Submitted on briefs September 16, 1996.—Decided October 16, 1996.*

(Also reported in 556 N.W.2d 410.)

†Petition to review dismissed.

On behalf of the third party plaintiffs-appellants, the cause was submitted on the briefs of *Philip A. Munroe* of *Di Renzo* and *Bomier* of Neenah.

On behalf of the third party defendant-respondent, the cause was submitted on the brief of *Arnold P. Anderson* of *Mohr & Anderson, S.C.* of Madison.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   The Aetna Casualty & Surety Company (Aetna), Manitowoc Clinic, Inc. and Manitowoc Clinic, S.C. appeal from a summary judgment in favor of Kossuth Mutual Insurance Company (Kossuth), the third party defendant-respondent. Aetna maintains that the family exclusion clause in the Rabases' insurance policy only applies to direct action claims and therefore does not apply to this indirect claim for contribution. Because we conclude that the family exclusion clause applies to direct and indirect actions against insured family members, we affirm the trial court's order for summary judgment.

On June 20, 1991, Dorothy Rabas, accompanied by her daughter, Diane Rabas, went to the Manitowoc Clinic, Inc. and Manitowoc Clinic, S.C. (collectively the Clinic) for treatment. While on the premises, Dorothy tripped and fell over a hose which resulted in severe and disabling injuries. The following day, Dorothy passed away allegedly as a result of the injuries.

Otmar Rabas, Dorothy's surviving spouse and the sole beneficiary of her estate, filed an action against the Clinic; Aetna, the Clinic's insurer and Claim Management Services, Inc., the third-party administrator of the Fisher-Hamilton Scientific, Inc. Health and Welfare Plan which paid certain medical bills for Dorothy, to recover damages for Dorothy's death. This appeal arises from a separate contribution action filed by Aetna against Diane, who lived with her parents, and their homeowner's liability insurer,

Kossuth. Aetna alleges that Dorothy's injuries were caused by Diane's negligent care of her mother.

Kossuth moved for summary judgment in the contribution action, arguing that the family exclusion clause precluded coverage for her alleged conduct in any claim Otmar, her father, may have. The circuit court granted the motion ordering that the complaint against Kossuth be dismissed and assessing costs against Aetna. Aetna appeals.[1]

The issue on appeal turns on the family exclusion clause in Kossuth's policy. There are no disputed issues of fact. We conduct a de novo review of a motion for summary judgment using the same methodology as the trial court. *M & I First Nat'l Bank v. Episcopal Homes*, 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App. 1995). In addition, the construction of an insurance policy is a question of law which we also decide de novo. *Whirlpool Corp. v. Ziebert*, 197 Wis. 2d 144, 152, 539 N.W.2d 883, 886 (1995).

The family exclusion clause states: "[Personal liability coverage] does not apply to liability: 1. for bodily injury to you, and if residents of your household, your relatives, and persons under the age of 21 in your care or in the care of your resident relatives . . . ."[2] The

---

[1] Aetna moved this court for an order staying further appellate proceedings in this appeal pending resolution of *Whirlpool Corp. v. Ziebert*, No. 93-3307, by the supreme court. The stay was granted on May 25, 1995. Once the decision was issued in *Whirlpool*, this court lifted the stay in this appeal in an order dated January 29, 1996.

[2] It is undisputed that Otmar, Dorothy and Diane Rabas are all "insureds" under the Kossuth policy. The policy defines an "insured" as: "a. **you**; b. **your** relatives if residents of **your** household." Otmar and Dorothy are the named insureds on the

family exclusion clause is not ambiguous. Accordingly, it must be construed "as it stands." *See Borchardt v. Wilk*, 156 Wis. 2d 420, 427, 456 N.W.2d 653, 656 (Ct. App. 1990). The exclusion precludes coverage for any insured or resident of the household, in this case, all three members of the Rabas family.

Family exclusion clauses are valid in Wisconsin involving both a direct suit against an insured family member or an indirect action, such as a contribution claim by a third party. *See Shannon v. Shannon*, 150 Wis. 2d 434, 455-56, 442 N.W.2d 25, 35 (1989); *see also Whirlpool*, 197 Wis. 2d at 151-52, 539 N.W.2d at 886. "The potential for collusion is virtually the same in either situation [direct suits against family members or third-party contribution claims against family members]—at least in the sense that . . . the parents would have no incentive to defeat or reduce the claim." *Id.* at 151, 539 N.W.2d at 885 (quoting *Groff v. State Farm Fire & Casualty Co.*, 646 F. Supp. 973, 975 (E.D. Pa. 1986)). Thus, the family exclusion clause furthers the legitimate public policy of protecting insurers from situations, both direct and indirect actions, where an insured may not completely cooperate and assist the insurance company's administration of the case. *See Whirlpool*, 197 Wis. 2d at 149-50, 539 N.W.2d at 885.

The supreme court further explained the family exclusion clause as follows:

> The liability being asserted in Whirlpool's contribution claim against Sharon Ziebert is based on the claim for damages suffered by Jaclyn Ziebert. That liability is identical whether there is a direct

declaration page and Diane is their adult daughter who also resides in the covered household.

claim against Sharon Ziebert by her daughter or whether the claim is indirectly asserted through a contribution claim by Whirlpool. To say that Jaclyn Ziebert is not receiving a benefit because her recovery comes from a contribution claim rather than a direct claim for personal injuries is the ultimate tribute to form over substance. Such a conclusion defies logic and common sense.

*Id.* at 155, 539 N.W.2d at 887.

This reasoning also applies here.[3] The liability asserted in Aetna's contribution claim against Diane is based on the negligence claim brought by Otmar against the Clinic, Aetna's insured. That liability is identical whether there is a direct claim against Diane by her father or whether the claim is indirectly asserted through a contribution claim by Aetna. This is precisely the exposure the Kossuth policy eliminates. *See id.* at 150-51, 539 N.W.2d at 885.

Aetna attempts to distinguish the reasoning and holding in *Whirlpool* based upon the direct/indirect language in that policy which is not contained in the Kossuth policy. Aetna argues that *Whirlpool* only barred "coverage for contribution claims which expressly applied to both direct and indirect claims."

We do not read *Whirlpool* as mandating the magic words "direct and indirect;" to do so would place form over substance. The court agreed with the California appellate court that the additional language clarifies the scope of the standard clause which excludes coverage liability for bodily injury to the insured so

---

[3] Although Aetna contends that *Whirlpool Corp. v. Ziebert*, 197 Wis. 2d 144, 539 N.W.2d 883 (1995), "demonstrates the correctness of [its] arguments," it fails to address why the basic reasoning of *Whirlpool* does not apply to this case. We do not interpret *Whirlpool* as supporting Aetna's position.

that it is more clearly understood that contribution claims are covered by the clause. *Id.* at 154, 539 N.W.2d at 886-87 (citing *State Farm Mut. Auto. Ins. Co. v. Vaughn*, 208 Cal. Rptr. 601, 603 (Cal. App. 1984)). It does not follow that a family exclusion clause without this language is rendered ambiguous. This was not the holding of the *Whirlpool* court. The basic principle in *Whirlpool* is that family exclusion clauses cover contribution claims *when the liability is identical,* whether there is a direct claim between family members or whether the claim is indirectly asserted through a contribution claim by a third party because the possibility of collusion is present in both situations.

This argument also ignores the important public policy reasons for applying family exclusion clauses to indirect claims, such as contribution actions. On this point, the court stated:

> [T]here are times when we must look beyond the immediate facts to principles of public policy and the broader ramifications that our decisions have on the people of this state as a whole. We are persuaded that the possibility of collusion is great enough to warrant *allowing family exclusion clauses to cover contribution actions. Therefore, we hold that such clauses are not contrary to public policy . . . .*

*Id.* at 151-52, 539 N.W.2d at 886 (emphasis added). Because the liability is identical in this case, we conclude that the family exclusion clause precludes coverage for Aetna's contribution claim.

Moreover, "[c]ontribution is the 'process by which one person obtains reimbursement from another for a proportionate share of an obligation paid by the first

person but for which they are both liable.' This process is based upon principles of equity and natural justice, not express contract." *Kafka v. Pope*, 186 Wis. 2d 472, 475, 521 N.W.2d 174, 176 (Ct. App. 1994) (quoted source omitted), *aff'd*, 194 Wis. 2d 234, 533 N.W.2d 491 (1995). "When no express agreement confers a right of contribution, a party's right to seek contribution against another is premised on two conditions: (1) the parties must be liable for the same obligation; and (2) the party seeking contribution must have paid more than a fair share of the obligation." *Kafka v. Pope*, 194 Wis. 2d 234, 242-43, 533 N.W.2d 491, 494 (1995). Aetna's argument fails because Kossuth has no liability for Dorothy's injuries.

In sum, Aetna's claim for contribution stems from its liability for Dorothy's injuries; if Diane's negligence contributed to her mother's injuries, Aetna could have a potential claim for contribution against her. However, Aetna does not have a claim against Diane's insurer because Kossuth's policy does not insure her liability to a family member.

*By the Court.*—Judgment affirmed.

BROWN, J. (*dissenting*). I disagree with the majority's interpretation of *Whirlpool Corp. v. Ziebert*, 197 Wis. 2d 144, 539 N.W.2d 883 (1995). The majority effectively reads *Whirlpool* to say that whenever a homeowner's liability policy contains a family exclusion clause, that exclusion automatically operates to bar coverage for direct *and* indirect suits. If a liability policy excludes coverage for one family member when another family member is the victim of the tort, the majority believes that the contribution action arising out of the injured family member's claim

is also excluded. The underlying theory is that the liability is "identical."

In my view, *Whirlpool* does not go that far. Even a cursory reading of the case shows that the supreme court did only two things. First, it decided that family exclusion clauses which apply to contribution claims do not violate public policy. *See id.* at 151-52, 539 N.W.2d at 886. Second, the court determined that the exclusion clause *in that case* properly encompassed contribution actions. *Id.* at 155-56, 539 N.W.2d at 887.

The court started the analysis of this second issue with the maxim that ambiguities in coverage are to be construed in favor of coverage, while exclusions are narrowly construed against the insurer. *Id.* at 152, 539 N.W.2d at 886. It then stated that this rule of strict construction is not applicable if the policy is unambiguous. *Id.*

Then, turning directly to the language within the exclusion, the court accented the portion which stated: "We do not cover bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person." *Id.* at 153, 539 N.W.2d at 886. The court then used four pages to explain why this particular language was unambiguous and hence, valid.

The court specifically pointed out and italicized the phrase *"directly* or *indirectly."* *Id.* The court took the time to review the dictionary definitions of the two terms. *Id.* The court also favorably cited a California case construing a statute that authorized automobile insurers to write exclusions governing contribution claims. Our supreme court noted how adding the phrase "directly or indirectly" to the statute "clarified" the statute. *Id.* at 154, 539 N.W.2d at 887.

The supreme court's careful and lengthy attention to the language of the exclusion in *Whirlpool* informs me that the court believed that a family exclusion must be specifically tailored to contribution claims before the exclusion may be found to apply to such claims. Had the *Whirlpool* court intended to hold that family exclusions automatically applied to contribution claims, it would not have spent four pages discussing its view of the language in that exclusion. Yet, the majority in this case views the supreme court's detailed analysis as irrelevant. I cannot agree.

With regard to the exclusion in this case, I believe it is ambiguous, while the one in the *Whirlpool* case was not. The *Whirlpool* exclusion clearly told the reasonable insured that the insurer would not cover any bodily injury claim if the person benefiting from the insurance was relying on it to defend either a direct or an indirect suit. *Id.* at 153, 539 N.W.2d at 886. The exclusion in this case, however, does not do that. Indeed, nothing in this policy tells the reasonable insured that the family exclusion applies not only to suits directly brought by family members, but that the exclusion also applies when a third party brings an action. While, under *Whirlpool*, the family exclusion in this case could validly apply to third-party contribution actions, the exclusion is nontheless flawed because it does not clearly convey what the insurer claims it is designed to do.

Although an exclusion properly aimed at contribution claims does not have to contain the word "indirect" to be viable, the exclusion must contain some language which tells the reasonable insured that contribution claims are not covered. Mindful of the supreme court's long-standing rule that we must narrowly construe exclusions against the insurer, I

would reverse because the exclusion in this case does not contain any such language.