Wendy M. DAY, individually and as Personal
Representative of the deceased, Emma Day,
Plaintiff-Respondent,†

v.

ALLSTATE INDEMNITY COMPANY,
Defendant-Third-Party Plaintiff-Appellant,

v.

Clinton DAY,
Third-Party Defendant.

Court of Appeals

No. 2008AP2929. *Oral argument October 6, 2009.*
*—Decided April 13, 2010.*

2010 WI App 72

(Also reported in 784 N.W.2d 694.)

On behalf of the defendant-third party plaintiff-appellant, the cause was submitted on the briefs of *John J. Swietlik, Jr.* and *Michael D. Aiken* of *Kasdorf, Lewis and Swietlik, S.C.* of Milwaukee. There was oral argument by *John J. Swietlik, Jr.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *C.M. Bye* and *Brian F. Laule* of *Bye, Goff & Rohde, Ltd.* of River Falls. There was oral argument by *Brian F. Laule*.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Allstate Indemnity Company appeals a nonfinal order granting Wendy Day's motion for summary judgment and denying Allstate's motion for summary judgment in this insurance coverage dispute. Allstate argues the family member exclusion clause in Clinton and Holly Day's homeowners' liability policy precludes coverage for Wendy's wrongful death and survivorship claims. We agree the clause bars coverage, reverse the grant of summary judgment, and remand with directions to grant summary judgment in favor of Allstate.

## BACKGROUND

¶ 2. This case stems from the tragic death of eight-year-old Emma Day, who frequently experienced severe epileptic seizures. On November 27, 2006, Emma suffered two seizures at school and was sent home. Her parents, Wendy and Clinton Day, were divorced, and Emma was staying with her father and her step-mother, Holly Day, that night. Holly prepared a bath for Emma in the evening. The complaint alleges that while temporarily unattended in the bath, Emma suffered a severe seizure and drowned.

¶ 3. At the time of Emma's death, Clinton and Holly carried a homeowners' insurance policy with Allstate. Like most homeowners' policies, theirs insured

against liability for injury to third persons.[1] *See Shannon v. Shannon*, 150 Wis. 2d 434, 455–56, 442 N.W.2d 25 (1989) (citing *A.G. v. Travelers Ins. Co.*, 112 Wis. 2d 18, 20–21, 331 N.W.2d 643 (Ct. App. 1983)). A family exclusion clause limited this broad grant of coverage by excluding losses for "bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person." There is no dispute that Clinton, Holly and Emma are all "insured persons" under the policy.[2] Similarly, it is undisputed that Wendy is not an insured person.

¶ 4. Wendy brought wrongful death and survivorship claims against Holly, alleging Holly's negligent supervision caused Emma's death. Holly tendered her defense to Allstate. By stipulation, Holly was dismissed from the action and Wendy was left to pursue her claims against Allstate. The court bifurcated the insurance coverage and liability issues.

¶ 5. On cross-motions for summary judgment, the circuit court construed the policy to require coverage. It rejected Allstate's reliance on the family exclusion clause, reasoning no insured person would benefit

---

[1] The policy language provided Allstate would cover "damages which an insured person becomes legally obligated to pay because of bodily injury . . . ."

[2] The circuit court assumed, without deciding, that Emma was a resident of Clinton and Holly's household and, consequently, an insured person under the policy. The parties do not challenge this assumption, nor have they briefed the issue of whether a minor who spends equal time with each divorced parent is a "resident" of that parent's household within the meaning of the insurance policy. We need not, and ordinarily will not, consider or decide issues not specifically raised on appeal. *Waushara County v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16 (1992).

from coverage. We granted Allstate's petition for leave to appeal a nonfinal order.[3]

## DISCUSSION

¶ 6. We review a grant of summary judgment de novo, applying the same standard as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–16, 401 N.W.2d 816 (1987). Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2);[4] *Kersten*, 136 Wis. 2d at 315.

¶ 7. Although Wendy does not contend the family exclusion clause is contrary to public policy, we briefly review the exclusion's purpose to provide context for our analysis. Family exclusion clauses are valid in Wisconsin regardless whether the suit involves a direct claim against an insured family member or an indirect action, such as a contribution claim by a third party. *Rabas v. Claim Mgmt. Servs., Inc.*, 205 Wis. 2d 483, 487, 556 N.W.2d 410 (Ct. App. 1996). The exclusion protects insurers from situations where an insured, because of close family ties, might not completely cooperate and assist an insurance company's administration of the case. *Shannon*, 150 Wis. 2d at 455–56; *Rabas*, 205 Wis. 2d at 487. Family exclusions also preserve the function of liability coverage, which is to protect the

---

[3] We granted Allstate's petition on December 9, 2008, having concluded that granting interlocutory appeal would clarify further proceedings in the litigation.

[4] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

insured against the risk of liability for injuries suffered by others, not injuries suffered by the insured. 9A STEVEN PLITT ET AL., COUCH ON INSURANCE § 128:2 (3d ed. 2006).

¶ 8. The issue in this case is whether the family exclusion encompasses wrongful death and survivorship claims brought by someone other than an insured person. Construction of an insurance policy is a question of law which this court reviews de novo. *Whirlpool Corp. v. Ziebert*, 197 Wis. 2d 144, 152, 539 N.W.2d 883 (1995). We interpret contracts to give effect to the parties' intent. *Ehlers v. Colonial Penn. Ins. Co.*, 81 Wis. 2d 64, 74, 259 N.W.2d 718 (1977). Ambiguities are construed in favor of coverage, and exclusions are narrowly construed against the insurer. *Whirlpool*, 197 Wis. 2d at 152; *Ehlers*, 81 Wis. 2d at 74. We cannot, however, use rules of construction to rewrite the clear and precise language of the agreement. *Whirlpool*, 197 Wis. 2d at 152.

¶ 9. In *Whirlpool*, our supreme court concluded an identical exclusion was unambiguous and contemplated contribution claims. *Id.* at 153. In that case, the manufacturer filed a contribution action alleging the mother of a young girl injured by one of its products negligently supervised her child. *Whirlpool*, 197 Wis. 2d at 148–49. Allstate, with whom the mother carried a homeowners' policy, argued the family exclusion clause precluded coverage for the contribution claim. *Id.* at 148. The court agreed, concluding Whirlpool's recovery would indirectly benefit the injured girl because "the money Whirlpool receives will, in all practical respects, be funneled through to [the injured party]." *Id.* at 153–54. As in *Whirlpool*, resolution of this coverage

dispute requires that we determine to whom the benefits of Wendy's wrongful death and survivorship claims would accrue.

¶ 10. Wrongful death is a statutory cause of action allowing recovery whenever death is caused by a wrongful act, neglect or default and the deceased party could have maintained an action against the tortfeasor had he or she survived. WIS. STAT. § 895.03; *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 46, 532 N.W.2d 130 (1995). The action may be brought by "the personal representative of the deceased person or by the person to whom the amount recovered belongs." WIS. STAT. § 895.04(1). Where the decedent leaves no spouse, domestic partner, or minor children, "the amount recovered shall belong and be paid to . . . the deceased's lineal heirs as determined by [WIS. STAT. § 852.01]." WIS. STAT. § 895.04(2).

¶ 11. The family exclusion clause unambiguously precludes coverage under these circumstances. Emma's parents are her heirs. *See* WIS. STAT. § 852.01(1)(c). Consequently, any amount recovered "shall belong and be paid to" Clinton and Wendy. *See* WIS. STAT. § 895.04(2); *Bruflat v. Prudential Prop. & Cas. Ins. Co.*, 2000 WI App 69, ¶ 18, 233 Wis. 2d 523, 608 N.W.2d 371. Clinton, who is undisputedly an insured person, therefore benefits from coverage by virtue of his legal right to collect a portion of the wrongful death award. *See Whirlpool*, 197 Wis. 2d at 153.

■

¶ 12. Wendy also seeks survivorship damages on Emma's behalf. The survivorship statute, WIS. STAT. § 877.01, allows the personal representative of a decedent to recover against a tortfeasor where the decedent could have maintained the action had the injured party survived. A survivorship claim is brought by the personal representative on behalf of the decedent's estate.

*See* WIS. STAT. §§ 857.03(1), 877.06(1); *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310–11, 294 N.W.2d 437 (1980) (citing *Koehler v. Waukesha Milk Co.*, 190 Wis. 52, 56–57, 208 N.W. 901 (1926) (right to maintain survivorship action vests in the representative of the decedent's estate, and proceeds are treated as personal property assets of the estate)). Where the decedent has not executed a valid will, the estate is passed to the decedent's surviving heirs through intestacy. WIS. STAT. § 852.01.

¶ 13. The family exclusion clause also bars coverage for Wendy's survivorship claims. Emma, as a minor, could not execute a valid will. *See* WIS. STAT. § 853.01. Under the laws governing intestate succession, Clinton and Wendy share her estate equally. *See* WIS. STAT. § 852.01(1)(c). Consequently, one-half of any survivorship damages Wendy recovers will pass through Emma's estate to Clinton. If Allstate must indemnify Holly for these losses, Clinton—an insured person—would benefit from the coverage. This result is unambiguously foreclosed by the family exclusion.

 

¶ 14. The family exclusion precludes coverage even though Clinton may never ultimately recover a portion of the wrongful death and survivorship awards. As a practical matter, Clinton might waive his interest in both the wrongful death and survivorship awards,[5] or may simply refuse to collect the amount to which he is legally entitled. However, permitting an insured to disclaim his or her interest would encourage the type of

---

[5] Clinton could disclaim his right to property passing under the intestacy statute, *see* WIS. STAT. § 852.13, and we assume, without deciding, that he could also waive his right to recover for Emma's wrongful death.

collusion that family exclusion clauses are designed to prevent. Clinton and Holly paid for a policy that precluded coverage where the benefit of that coverage accrues to an insured person. The family exclusion clause would be rendered a nullity if an insured person were allowed to waive his or her interest to effectuate another's recovery. We will not interpret a policy to cover risks the insurer did not contemplate or underwrite and for which it has not received a premium. *State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶ 15, 275 Wis. 2d 35, 683 N.W.2d 75. Moreover, a reasonable insured would not, after reading the family exclusion, believe his or her waiver could secure coverage where it would otherwise be defeated. *See Folkman v. Quamme*, 2003 WI 116, ¶¶ 16–17, 264 Wis. 2d 617, 665 N.W.2d 857 (we assign the policy language the meaning a reasonable person in the position of the insured would have understood the words to mean).

¶ 15. Wendy argues we must affirm because Allstate was required, but failed, to prove collusion. While Wendy acknowledges proof of collusion is generally not required, she contends that presumption applies only in the context of intra-family lawsuits. This argument confuses the public policy justifying the exclusion's enforceability for a substantive requirement the insurer must prove. Family exclusions serve the legitimate purpose of protecting the insurer from collusion among family members. *Rabas*, 205 Wis. 2d at 487 (citing *Whirlpool*, 197 Wis. 2d at 149–51). At no time has our supreme court conditioned the enforceability of the family exclusion upon a showing of actual collusion. Instead, the court has "assumed collusion in all cases, thereby finding that family exclusion clauses . . . are not contrary to public policy." *Whirlpool*, 197 Wis. 2d at

¶ 50. Allstate's failure to submit evidence of collusion to the circuit court is not fatal to its arguments on appeal.

¶ 16. Wendy emphasizes that she is not an insured person under the homeowners' policy, but fails to explain the relevance of this observation. As we have stated, the question critical to the operation of the family exclusion clause is whether an insured person will benefit from coverage. "The identity of the person pursuing the claim against the insured is irrelevant to the determination of whether an exclusion precluding coverage for injuries to relatives or other household members applies in particular circumstances." 9A PLITT ET AL., *supra,* § 128:5. Thus, Wendy's status under the policy is inconsequential. We have concluded that Clinton—who is an insured person—would benefit from the coverage by virtue of his entitlement to half of any recovery on either of Wendy's claims. Accordingly, we reverse the circuit court's grant of summary judgment and remand with directions to grant summary judgment in favor of Allstate.

*By the Court.*—Order reversed and cause remanded with directions.