**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011[*]
Decided May 19, 2011

By the Court:

No. 10-3796

| | |
|---|---|
| JOHN WALTER GERMAINE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-cv-515-bbc |
| | |
| MARIKA NYMAN ST. GERMAIN, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

After the death of his brother, John Germaine filed this suit in the Eastern District of Wisconsin. His complaint is difficult to parse but appears to attack his brother's Florida divorce judgment and to allege that the contentious proceedings caused his brother's death. Germaine names as defendants his brother's ex-wife, her lawyer, and other parties whose roles are tough to pin down. The defendants moved to dismiss the complaint, but first Judge Stadtmueller sua sponte ordered the suit transferred to the Western District of Wisconsin, explaining that Germaine resides there in Dane County and that none of the defendants has any apparent ties to the Eastern District. *See* 28 U.S.C. § 1404(a); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965-66 (9th Cir. 1993); *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Once Judge Crabb took on the case, she granted the defendants' motions to dismiss, reasoning that the *Rooker-Feldman* doctrine bars Germaine's efforts to challenge the Florida divorce judgment and that Germaine does not have standing to pursue his wrongful-death claim.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

On appeal, Germaine argues that Judge Crabb "erred in thinking that there was any jurisdictional obstacle to this suit." We agree that the *Rooker-Feldman* doctrine poses no obstacle. The doctrine, which holds that the lower federal courts lack jurisdiction to review the decision of a state court in a civil case, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010), cannot be invoked against a litigant who was not a party to the state-court proceeding, *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994); *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008); *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234-36 (10th Cir. 2006); *Leaf v. Supreme Court*, 979 F.2d 589, 598 (7th Cir. 1992). And Germaine was not a party to his brother's divorce suit.

Nevertheless, we conclude that the suit properly was dismissed for want of subject-matter jurisdiction. We see no hint of a federal claim in Germaine's complaint; the only discernible claim is a wrongful-death action. And like Judge Crabb, we harbor serious doubt whether Germaine successfully states a claim under either Florida law, FLA. STAT. §§ 768.16-.26; *Wagner, Vaughn, McLaughlin & Brennan, P.A. v. Kennedy Law Grp.*, No. SC08-1525, 2011 WL 1304921, at *3-*4 (Fla. Apr. 7, 2011), or Wisconsin law, WIS. STAT. § 895.03; *Johnson v. ABC Ins. Co.*, 532 N.W.2d 130, 133-34 (Wis. 1995). Only the decedent's personal representative is authorized to bring a wrongful-death action under Florida law, FLA. STAT. § 768.20; *Wiggins v. Estate of Wright*, 850 So. 2d 444, 446 (Fla. 2003), but Germaine does not allege that he is his brother's personal representative. In fact, Germaine could not even *recover* unless he was dependent on his brother for support, *see* FLA. STAT. §§ 768.20, 768.18(1); *Thompson v. State Farm Mut. Auto. Ins. Co.*, 670 So. 2d 1070, 1071 (Fla. Dist. Ct. App. 1996), another allegation that is missing from his complaint. As for Wisconsin law, any person entitled by statute to recover for a wrongful death may sue directly—even though he is not the decedent's personal representative—but a brother can recover only if the decedent is not survived by lineal heirs. WIS. STAT. §§ 895.04(1), (2), 852.01(1)(d); *Day v. Allstate Indem. Co.*, 784 N.W.2d 694, 698 (Wis. Ct. App. 2010). Germaine does not make that allegation either. Nor does he allege any substantial act or omission occurring in *Wisconsin* that "caused" or contributed to his brother's death. *See* WIS. STAT. § 895.03; *Schnabl v. Ford Motor Co.*, 195 N.W.2d 602, 607 (Wis. 1972).

We must cut short this discussion of the merits, however, because the complaint suffers from a defect that is both obvious and fatal: It does not allege diversity of citizenship among the parties, as it must to support federal jurisdiction over Germaine's state-law claim. *See* 28 U.S.C. § 1332(a); *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009); *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529-30 (7th Cir. 1985). Germaine fails to identify the *citizenship*, as opposed to the residence, of the individual defendants, *see* 28 U.S.C. § 1332(a)(1);

*Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996), and he neglects to say where any of the corporate defendants is incorporated or has its principal place of business, *see* 28 U.S.C. § 1332(c)(1); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001). Because of these omissions, the complaint properly was dismissed for want of subject-matter jurisdiction.

AFFIRMED.